## Mastbaum, Appellant, v. Stuart.

*Brokers — Real estate brokers — Commissions — Principal and
agent—Affidavit of defense.*

In an action by real estate brokers to recover $600, as com-
missions under an agreement to sell real estate, a rule for judg-
ment for want of a sufficient affidavit of defense is properly dis-
charged, where the affidavit in its admissions and averments shows
that the defendants had given to plaintiffs the exclusive right to
sell real estate for a sum stated on which the commissions were
to be $800; that subsequently defendants effected a sale without
the help of the plaintiffs; that before the settlement was made
defendants agreed as a compromise of the claim for commissions
to pay plaintiffs $600, "payable at time of settlement"; and that
the sale fell through and no settlement was ever made.

Argued Dec. 14, 1916. Appeal, No. 341, Oct. T., 1916, by plaintiff, from order of C. P. No. 1, Philadelphia Co., June T., 1916, No. 3011, discharging rule for judgment in case of Mastbaum Brothers & Fleisher v. Richard Stuart and Adaline Stuart. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for commissions upon an agreement to sell real estate.

Rule for judgment for want of a sufficient affidavit of defense.

From the averments of the statement of claim and the admissions and averments of the affidavit of defense, the case presented was, that defendants had given plaintiffs the exclusive right to offer for sale the premises at the northeast corner of Tenth and Columbia avenue in the City of Philadelphia for the sum of $40,000 with commissions at two per cent. Subsequently defendants effected a sale themselves, but before the settlement, a dispute having arisen with plaintiffs as to commissions, they agreed in writing to pay plaintiffs $600 for services, "payable at time of settlement." The sale fell through and no settlement was made.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Henry W. Schorr,* with him *Morris Wolf* and *Horace Stern,* for appellant.

*Bernard A. Illoway,* with him *Harry Felix,* for appellees.

OPINION BY HEAD, J., July 13, 1917:

The plaintiffs appeal from an order of the court below discharging their rule for judgment for want of a suffi-

cient affidavit of defense. The plaintiffs are licensed real estate brokers. They entered into an agreement with the defendant by the terms of which the latter gave to them an exclusive right to offer for sale a certain property belonging to him at the price of $40,000, their commission, in case a sale was made, to be two per cent. They agree that sometime later the contract was so modified as to reduce the commission from $800 to $600. The new arrangement was evidenced by the following letter from the defendant to the plaintiffs under date of January 29, 1916. "We hereby agree to pay you your commission of $600 for services in the sale of premises known as N. E. Cor. Tenth and Columbia avenue, Philadelphia. This commission is payable at time of settlement." It is upon this agreement to pay the plaintiffs found their action. This change appears to have resulted from the fact the defendant himself had negotiated a sale of the property without the assistance of the plaintiffs but as the exclusive privilege given in the first agreement had not been revoked, it was recognized that plaintiffs should be paid $600 at the time of the settlement. For some reason, not clearly apparent, the proposed sale fell through and the vendor was unable to procure a settlement and thus close the transaction. The learned counsel for plaintiffs urges us, as he did the court below, to so construe the writing as to make the plaintiffs' money actually and absolutely become due at the time when settlement ordinarily would have been made, regardless of the fact that it never actually was made.

Following the practice of the Supreme Court in cases of appeal from the granting or refusing of a preliminary injunction, we refrain from any extended discussion of the case as it now stands. We are all of opinion the learned court below was right in refusing to enter a summary judgment. The assignments of error are overruled.

Appeal is dismissed at the costs of the appellant, without prejudice, etc.